[Civ. No. 7805. First Appellate District, Division Two.—June 4, 1931.]

EDDIE HUGHES, Respondent, v. CLYDE W. DUNCAN, Appellant.

Emery F. Mitchell and Charles V. Barfield for Appellant.

L. L. Steele for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover damages for personal injury. The defendant answered and a trial was had before the trial court sitting with a jury. The jury returned a verdict in favor of the plaintiff and from the judgment entered thereon the defendant has appealed and has brought up a bill of exceptions.

At about half-past 9 in the evening on the ninth day of March, 1930, the plaintiff was riding as a passenger in a car driven by Alec Brewer north on San Pablo Avenue between Sixty-fifth Street and Sixty-sixth Street in Oakland. At about the same time the defendant was driving south on the same street. There was some evidence that the defendant's lights were not burning and that his car was so out of order that it would not respond to the steering-wheel. As the de-

fendant approached Sixty-sixth Street he was traveling on the street-car tracks on the westerly side of San Pablo Avenue. On the southeasterly corner of Sixty-sixth Street and San Pablo Avenue is a service station. The defendant attempted to make a left-hand turn and enter that service station. While his car was slightly west of the service station Brewer's car approached from the south and a collision occurred.

Defendant complains because the trial court instructed the jury that under certain circumstances the plaintiff could recover for mental pain, mental suffering and mental anguish. He claims there was no proof offered by plaintiff of such suffering. Perhaps not. We will not stop to inquire, because the very next instruction which the trial court gave among other things said: "I am not saying to you that these elements of damage which I am enumerating in these instructions were proved or not proved by the evidence in this case. I am only saying to you that if you find from the evidence that these elements, or any of them, are established by a preponderance of the evidence, then you may consider these elements in assessing the amount of damages, if any, you award to the plaintiff." Under such circumstances we think it is clear that the defendant was not injured. The trial court gave to the jury an instruction that if Brewer carelessly operated the automobile in which the plaintiff was riding, that such carelessness would not be imputed to the plaintiff. The defendant quotes some of the record to the effect that when the plaintiff saw that a collision was imminent he reached for the emergency brake. That item of evidence did not render the instruction complained of improper. On the other hand it tended to show that the plaintiff was not directly guilty of contributory negligence.

The defendant requested three several instructions which the trial court did not give. Each of said instructions was to the effect that if the accident was caused solely by the negligence of Brewer, then the verdict of the jury should be for the defendant. The trial court did not err in refusing them because the subject matter thereof was fully covered by other instructions which the court gave. (Tr. 161–164.)

The defendant complains of comments or statements of the trial court. The complaint is without merit. We

have carefully read the bill of exceptions and it does not contain a single expression that was in the least prejudicial to either party. Furthermore, the record does not present the point. Apparently having before him the reporter's transcript, the defendant, in numerous places, inserted expressions such as ":Defendant's Exception No. 42." Such expressions were appropriate as a method of numbering, but they did not create the objection and exception which should have been made and noted at the time the incident occurred as the trial progressed. (Code Civ. Proc., sec. 646; 2 Cal. Jur. 291; *Price* v. *Northwestern Elec. Ry. Co.*, 168 Cal. 173, 182 [142 Pac. 91]; *Estate of Page*, 57 Cal. 238.) At no place in the record did the defendant enter an objection to any remark made by the court, assign it as error, or enter an exception. Therefore he may not do so at this time. (2 Cal. Jur. 248.)

 During the presentation of his defense the defendant sought to introduce evidence to the effect that the accident was unavoidable. While a witness in his own behalf he was asked if he had reported such facts to his attorney or to anyone else. The defendant asserts: "We think it evident that plaintiff's counsel was only concerned with getting the matter of insurance before the jury." We cannot agree with that contention. Neither the form of the question nor the answer given supports the defendant's claim.

 In several different places, upon an objection being made, the trial court stated what evidence had been offered on the subject. The defendant quotes such passages and then contends that the trial court usurped the functions of the jury. However, it is provided "Judges shall not charge juries with respect to matters of fact, *but may state the testimony and declare the law.*" (Const., art. VI, sec. 19.) Therefore the trial court was entirely within its rights in doing what it did. The defendant further complains because the trial court refused to allow his counsel to question him on the rate of speed of Brewer's Ford. It will suffice to state that the record shows that the court did not do so.

 The defendant was much delayed in preparing his bill of exceptions. However, when it was prepared he presented it and at the same time applied to the trial court to be relieved of his default. The trial court granted his

motion and settled the bill. In doing so it committed no error. (*California Nat. Bank* v. *Lime etc. Co.*, 200 Cal. 452 [253 Pac. 704].)

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.