[Civ. No. 10721.   Second Appellate District, Division Two.—February 27, 1936.]

MABEL V. WHITE, Respondent, v. BARKER BROS. (a Corporation) et al., Appellants.

Joe Crider, Jr., and Horace W. Danforth for Appellants.

Joseph Anderson for Respondent.

GOULD, J., *pro tem.*—Plaintiff, a guest passenger in an automobile driven by her daughter, was awarded damages of $5,000 by a jury for injuries suffered when the vehicle in which she was riding collided at a street intersection with a truck owned by defendant corporation and operated by defendant Anderson. The verdict ran against both defendants and both appeal.

Appellants contend that as a matter of law they must be absolved from culpability because the driver of the truck at the time of the accident, having entered the intersection first, had the right of way. But even conceding that the truck may have been in the intersection before the car in which re-

spondent was riding, nevertheless there was evidence that the truck driver "cut the corner" in making the turn, that he entered the boulevard in the face of rapidly approaching traffic and that he was on the wrong side of the road. Testimony as to any of these matters is sufficient to uphold the jury's implied finding as to the negligence of such driver.

Similarly there is a sharp conflict of testimony as to the question of the negligence of the driver of the car in which respondent was seated; and appellants' contention that the collision was caused solely by her driving at an excessive rate of speed was resolved by the jury against them. Substantial evidence supports the jury's determination of this conflict and it is not our province to interfere.

The court gave an instruction upon the doctrine of sudden peril, which instruction appellants cite as error. The jurors were properly informed that the doctrine was only to be applied if they found that the driver of the passenger car was confronted with "imminent danger". We find no error in the form of the instruction as given; and that the doctrine may be properly invoked in a case such as this, where two cars in a confusion of traffic are threatened with collision is held in *McPhee* v. *Lavin*, 183 Cal. 264 [191 Pac. 23], and similar cases.

Appellants complain of an instruction charging that plaintiff was entitled to the presumption that she did everything that a reasonably prudent person would have done under the circumstances for the protection of her own safety. But such an instruction, denominating the presumption in question as "itself a species of evidence", had been approved by our Supreme Court (*Olsen* v. *Standard Oil Co.*, 188 Cal. 20, 25 [204 Pac. 393]), and we find no error in its application here.

Upon the question of damages, the court advised the jurors that they might take into consideration the value of plaintiff's time while disabled, her changed ability to maintain herself and the effect of her injuries upon her occupation. Such an instruction was error, appellants maintain, because there was no evidence that respondent lost any time by reason of disability, or that she had any occupation, or that she maintained herself by any means whatever. Considered alone, the instruction might be objectionable; but if read with the

other instructions upon the subject, in which the jurors were warned that they could not guess or speculate as to any injuries claimed but that all injuries must be proved by a preponderance of the testimony, and that no damages could be allowed for anything not proximately caused by the accident, we feel that no detriment was suffered by appellants and that the jurors were fairly advised by the instructions as a whole. (*Hughes* v. *Duncan*, 114 Cal. App. 576 [300 Pac. 147].)

▉ Passion and prejudice ''in the form of misplaced sympathy'' must have influenced the jury in its award of damages, appellants argue, asserting that the sum of $5,000 is so disproportionate to any proved damage that the verdict should be set aside on that account. We cannot subscribe to this contention. It is true that the immediate sequelae of the accident were apparently trivial, but it was also testified that as a direct result of the shock an old abdominal surgical wound was rendered active, and that severe headaches and impaired muscular activity persisted at the time of the trial, six months after the accident. We cannot say that the damages were so excessive as to warrant interference by an appellate court.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 20, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 27, 1936.