[Civ. No. 10477. Second Appellate District, Division One.—June 19, 1936.]

ESTHER BERNICE EDLUND, a Minor, etc., et al., Appellants, v. LOS ANGELES RAILWAY COMPANY (a Corporation) et al., Respondents.

Lon A. Brooks and Dwight H. Reay for Appellants.

Gibson, Dunn & Crutcher and Penn Cummings for Respondents.

SHINN, J., *pro tem.*—At about 8:35 in the morning of a clear day, plaintiff Esther Bernice Edlund, aged 20 years, drove a coupe into the rear end of defendant's motor bus. If in so doing she was guilty of contributory negligence as a matter of law, the direction of the verdict by the court was proper; otherwise it was erroneous. ■ Esther Bernice Edlund is herein referred to as plaintiff. She had been following the bus easterly on wide Olympic Boulevard. It preceded her across the intersection of La Brea, where she stopped for a traffic intersection signal, and she followed it through after the change of signals. In the third block east of La Brea the bus was stopped, backed ten or fifteen feet, and again stopped, with the front wheels slightly closer to the curb than the rear wheels and some ten feet away from the south curb. A man walked out to the bus and with one foot on the step stood talking through the open front door to the bus driver. At this time plaintiff's coupe, approaching at about twenty miles an hour, crashed into the rear of the bus. She had observed the bus as she approached it but thought it was continuing to move forward, realizing that it was stopped too late to avoid striking it. Although she applied the brake and endeavored to stop her car, it collided with the bus with great force. There was nothing to interfere with plaintiff's vision. She not only had ample opportunity to see the bus, but did see it. Her mistake was in judging that the bus was moving and not standing still, which was the obvious result of her failure to look with sufficient care to distinguish between a moving and a stationary bus. It it claimed that her failure to observe more closely was due to her expectation that the bus would not stop. In support of this contention she relies upon an ordinance of the city of Los Angeles making it unlawful to stand an automobile on a public street with the two right wheels more than two feet from the regularly established curb line, claiming that she had a right to expect compliance with the terms of this ordinance. This explanation of her conduct, in our opinion, does not excuse her obvious negligence. The fact

that the bus driver had no lawful excuse for standing his bus where he did is important upon the question of his negligence but has no bearing upon the question of plaintiff's negligence. Plaintiff is not less blameworthy because the stopping of the bus was unlawful. The accident would have happened just the same if the bus had stopped because the motor had ceased to function or for some other sufficient reason. There are many circumstances in which stopping a motor vehicle more than two feet from the curb line would not constitute a violation of the ordinance. Plaintiff had no right to assume that any vehicle stopping in her pathway would be violating the law. But conceding that the bus driver was guilty of negligence, and giving full effect to his conduct as a violation of the law, the rule that plaintiff had the right to rely upon his observing the law can be given little weight. ■ One may not continue to assume that the law is being observed after knowing or having an opportunity, by the use of reasonable care, to know that it is not being observed. Plaintiff knew that the bus was preceding her and saw or, in the exercise of ordinary care, could have seen it in the act of stopping, backing up and standing still while the driver engaged in conversation with a pedestrian. During all of this time plaintiff was approaching at a speed of twenty miles an hour. Had she been vigilant she could easily have observed her danger in time to stop or to turn aside. Having the fullest opportunity to look carefully, she saw the bus while it was standing still and thought it was moving. If she had been looking ahead she no doubt would have seen a man standing in the street with one foot on the step of the bus and could scarcely have failed to realize from that fact that the bus was not moving. We can see no room for a reasonable difference of opinion upon the question of plaintiff's negligence. Had the case gone to the jury and resulted in a verdict in plaintiff's favor, an appeal would have called for a reversal. Under the rules governing the direction of verdicts by the court, a recital of which is unnecessary, plaintiff's contributory negligence was clearly established.

Cases in which motorists have been held guilty of negligence as a matter of law for running into vehicles which were stationary or slowly moving along streets in front of them are *Christy* v. *Herbert M. Baruch Corp.*, 135 Cal. App. 355 [27 Pac. (2d) 660], *Nicholson* v. *Porter*, 118 Cal. App. 555

[5 Pac. (2d) 659], and *Binford* v. *Purcell,* 2 Cal. App. (2d) 87 [37 Pac. (2d) 732]. The views we have expressed find support in these cases, which fully justify the action of the trial court in directing a verdict for the defendants in the instant case.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 17, 1936.