[Civ. No. 13751. Second Dist., Div. Three. Dec. 10, 1942.]

GRACE ANGIER, Respondent, v. MABEL E. BRUCK et al., Appellants.

Nourse & Jones for Appellants.

James S. McKnight, Mark F. Jones and W. L. Engelhardt for Respondent.

SHAW, J. pro tem.—Defendants appeal from a judgment for $5,000 entered against them on the verdict of a jury, in an action brought by plaintiff to recover for injuries suffered by her in a collision between an automobile in which she was riding and another automobile owned by defendant Bruck and driven by defendant Platt.

The car in which plaintiff was riding was owned by her, and was, at the time of the collision, being driven by her son, Raymond Angier, at her request and under such circumstances as unquestionably to make him her agent, whose negligence in so driving would be imputable to her. The car of defendant Bruck was being driven by defendant Platt with her consent, and she was therefore liable for his negligence to the extent of the verdict given here. (Veh. Code, § 402.) The collision occurred in the intersection of Livonia Street, which runs north and south, and Pickford Street, which runs east and west. Each street is thirty feet wide between curbs. Plaintiff's car was going south on Livonia Street, and defendant's car was going west on Pickford Street. The collision occurred on the west side of Livonia Street, at or about the center of Pickford Street, the front end of

defendant's car striking the left side of plaintiff's car. These facts are undisputed, but on practically all other matters relating to the collision the evidence is conflicting. The further details of it, so far as necessary to an understanding of the points made, will be stated in discussing those points.

Among the defenses pleaded by defendants are contributory negligence, both of plaintiff personally and of Raymond Angier, who was driving her car. The jury found against both of these defenses. Defendants do not contend that the evidence is legally insufficient to support such findings. The only points made by them are that three instructions relating to these defenses are erroneous, that the evidence as to contributory negligence, especially that of plaintiff's son, is very closely balanced, and that therefore the giving of these instructions is ground for a reversal.

The first instruction complained of, designated as No. 26, declared that "if plaintiff's driver, Raymond Angier, exercised ordinary care, then plaintiff would not be guilty of the slightest negligence." The objection made to this instruction is that it ignores and eliminates from consideration the possibility that plaintiff herself might have been negligent. In view of the defenses pleaded, this objection is well taken. While plaintiff would be chargeable with Raymond Angier's negligence, he being her agent, yet, since she was in the car which he was driving, she might also be personally guilty of negligence contributing to the accident. We need not decide whether this error was prejudicial, for the judgment must be reversed on another ground and the error will doubtless not be repeated on a new trial.

Another instruction complained of by defendants is No. 43, a formula instruction which directed a verdict for plaintiff if the jury found that Raymond Angier was driving with ordinary care, that the defendant Platt failed to use ordinary care, and that "plaintiff was injured as a result of said defendant's failure to exercise the care and caution exercised by ordinarily careful and prudent persons." As defendants point out, this instruction is subject to the same objection as No. 26, in that it ignores the possibility of plaintiff's personal negligence. Defendants further object that it does not require the care to be exercised by defendant Platt to be such as ordinarily careful and prudent persons would use under

the same or similar circumstances. No doubt such a qualification is part of the definition of negligence and might better have been stated in this instruction. ■ A further objection made to this instruction is that it does not require that defendant's negligence be the proximate cause of plaintiff's injuries. But in this case it appears that any negligence with which, from the evidence, defendant could be charged, must have been a proximate cause of the accident and of plaintiff's injuries; hence any defect in the instruction in this respect could not have been prejudicial. (*Straten* v. *Spencer*, (1921) 52 Cal.App. 98, 105 [197 P. 540].) For the same reason stated in discussing Instruction No. 26 we need not determine whether any other defect in No. 43 is sufficiently prejudicial to call for a reversal.

■ The defendant objects also to Instruction No. 28, given at the request of plaintiff, which reads as follows: "You are instructed that if Raymond Angier was at all times pertinent to this case driving plaintiff's automobile in a careful and prudent manner, and exercising that degree of care which is ordinarily exercised by cautious persons, then he had a right to assume that the defendant, James Platt, would drive his automobile in a lawful manner and would exercise for his own safety, the care and caution which an ordinarily prudent person would exercise under the same or similar circumstances." The objection to this instruction is well taken and is that it does not include, as a part of the rule stated, a qualification which was thus stated in *Edlund* v. *Los Angeles Ry. Co.*, (1936) 14 Cal.App.2d 673, 675 [58 P.2d 928]: "One may not continue to assume that the law is being observed after knowing or having an opportunity, by the use of reasonable care, to know that it is not being observed." This qualification is further supported by the case of *Donat* v. *Dillon*, (1923) 192 Cal. 426, 429 [221 P. 193], where the Supreme Court said of a driver whose car collided with another car traveling on an intersecting street: " . . . having observed Riddle's car approaching at an exceedingly fast rate of speed for that vicinity, the defendant was no longer entitled to rely upon the presumption that the driver of this machine would comply with the rules of the road, and he was bound to take such reasonable measures as he could, under the circumstances, to prevent the injury. It was, therefore, a question for the trial court to determine upon all the evi-

dence and the reasonable deductions therefrom whether the defendant, after having seen the approaching machine, continued to exercise the care and prudence which a reasonable man would have exercised under the circumstances." The speed referred to here was one "exceeding thirty miles per hour."

There was evidence to which this qualification of the rule would be applicable. Appellants in their brief set forth the following summary of Raymond Angier's testimony on this point, which respondent does not dispute and which, on examination of the record, we find to be correct: "Raymond Angier testified that he was driving the plaintiff's automobile at her direction and that when it was 10 to 15 feet north of Pickford street and proceeding at about 15 miles per hour he saw the defendants' automobile for the first time 100 to 125 feet east of Livonia avenue, and approaching the intersection at a speed of 50 to 55 miles per hour; that he did not swerve or apply the brakes before the impact; but that the brakes were in good mechanical condition and he could stop his mother's automobile in 8 or 9 feet traveling at the speed it was proceeding when he first saw the defendants' automobile. He at all times had the other vehicle generally in his view and observed that it did not increase or decrease its speed from the time he first saw it until the time of the impact." Plaintiff herself testified to approximately the same speed for defendant's car at about the same distance. On this evidence the jury could well find that Raymond Angier was guilty of contributory negligence. If defendant was going at the rate of fifty miles per hour it would take him less than two seconds to travel the entire distance (not over 150 feet) intervening between him and the point of collision, and, according to the table of stopping distances set forth in section 670 of the Vehicle Code as a criterion for the condition of brakes, he was not required to be able to stop his car at that speed in that intervening distance. On seeing defendant's speed and noting his distance and noticing that he was not slowing down, Raymond Angier might very well have concluded that if a collision was to be avoided he himself would have to do something to that end. He could have stopped before reaching the point of collision, and could perhaps have averted the collision by speeding up and swerving

to his right, but he did neither. If the jury had determined that he should have acted to avert the collision and had found him guilty of contributory negligence for not doing so, we could not say their verdict lacked evidentiary support. There was other evidence, given for the defendant, that Raymond Angier was driving faster than he stated and entered the intersection after defendant had done so. If the jury had believed this other evidence they must have found Raymond Angier guilty of contributory negligence, without regard to this instruction. Evidently they did not believe it; but they might, nevertheless, easily have made the same finding on his testimony above reviewed. It seems probable that their failure to do so was due to the defect in the instruction now under consideration and we therefore find in that defect sufficient reason for a reversal.

Plaintiff attempts to escape this result by pointing to the preliminary condition stated in the instruction, "if Raymond Angier was at all times pertinent to this case driving plaintiff's automobile in a careful and prudent manner . . . then he had a right to assume" etc. This apparently, and as the jury must have understood it, refers to acts done before the making of the assumption referred to. It cannot serve the purpose of a plain statement of the qualification of the rule, which relates to conduct of the driver after he has made the assumption referred to in the instruction. It is of course the law, as plaintiff points out, that one who is himself negligent is not entitled to assume that the other party will be careful, but this refers to his conduct at a time anterior to and at the very time he makes the assumption. Even if careful then, he is no longer so after he knows the assumption is wrong unless he acts accordingly. The reference in the instruction to exercise of care "at all times" would not be understood by the jury as applying to what would happen after the assumption referred to was made, or as saying that failure to act on subsequent knowledge contrary to the assumption would not be an exercise of due care. The qualification which was omitted is an essential part of the rule attempted to be stated. Defendant was entitled to have it enunciated in clear and positive language.

The judgment is reversed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.