[Civ. No. 12694.   First Dist., Div. One.   May 1, 1945.]

JOSEPH J. CORBIN, JR., a Minor, etc. et al., Appellants, v. M. MAX BEDEL et al., Respondents.

Millington, Grover, Comaich & Baumgarten, Wayne R. Millington and John F. O'Sullivan for Appellants.

Bronson, Bronson & McKinnon for Respondents.

KNIGHT, J.—After trial on the merits a jury returned a verdict for defendants, and from the judgment entered thereon plaintiffs have appealed. The action is one to recover damages for personal injuries sustained by the plaintiff Joseph J. Corbin, Jr., as the result of an accident which occurred about 5:30 o'clock in the afternoon in front of an automobile junk yard on San Bruno Avenue near Alemany Boulevard in San Francisco. He was 19 years of age at the time of the accident and less than 21 when the complaint was filed;

and he therefore brought the action through his guardian ad litem, in which his father joined as party plaintiff. It was alleged in the complaint that the injuries were caused by the negligent operation of a bus owned by the defendant company and driven by the defendant Bedel. The defendants denied the allegations of negligence and charged that the injuries sustained by Corbin, Jr., resulted from his own carelessness and negligence; and as stated, the jury after hearing the evidence brought in a verdict for defendants.

There is no contention made that the verdict is not supported by the evidence, nor do plaintiffs complain of any rulings made during the course of the trial. They assign as error the giving of two instructions and the refusal to give certain others. The points urged in this behalf do not constitute grounds for reversal.

The following are the facts to be considered in connection with the foregoing assignments of error: Corbin, Jr., (hereinafter referred to as plaintiff) worked as a truck driver, and on the day of the accident, after finishing his work, he drove his own car, a stripped down 1930 Ford roadster, from his home to the junk yard to purchase a dashboard. The junk yard was located on the east side of San Bruno Avenue, and upon arriving there he requested a friend named Welch to drive the Ford to Welch's home to get a crescent wrench. After Welch left plaintiff proceeded to detach the dashboard from a wrecked car in the junk yard, and when Welch returned with the wrench he double parked the Ford, facing north, in front of the junk yard on the east side of San Bruno Avenue in violation of a municipal ordinance and a state law. At that point San Bruno Avenue was 51 feet wide between curbs, and plaintiff's car was parked out on the easterly half thereof with its left wheels 13 or 14 feet from the curb and about 11 feet from the center of the street. There were a number of other cars double parked on the same side of the street at or near the point where the accident occurred. After detaching the dashboard and paying for it, plaintiff carried it out of the junk yard, placed it in the rear of the Ford, and almost immediately afterwards he was injured by a northbound bus as it passed plaintiff's double parked car on the left side.

The evidence is conflicting as to plaintiff's movements and position at the precise time of the accident. Resolving such conflicts in favor of the verdict, he stepped backward out of

the left side of his car into the right side of the bus just as the bus was passing his car. The testimony establishing these facts was given by two of the bus passengers. They testified that when the bus was about 50 feet distant from plaintiff's car it swerved sharply to the left toward the center of the street; that they looked through the windshield to see what was happening, and that just as the bus was about to pass the Ford they saw plaintiff step backward out of the left door of the Ford onto the running board and then down onto the street; that instantly they heard a "thump" or "thud" on that side of the bus; that looking back they saw that something had happened on the highway and that one of them said to the driver of the bus, "I think we hit some- one"; that the driver brought the bus to a stop within two bus lengths, and going back found that plaintiff had been injured. The driver was not a witness at the trial. His deposition had been taken by plaintiffs and at the trial they introduced it in evidence and read it to the jury; but for some reason the deposition was not incorporated in the reporter's transcript nor attached thereto. However, according to the statements made in the briefs the driver stated that when he saw the double parked cars on the right hand side of the highway he swerved to the left to pass them; but that he did not see plaintiff and did not know that anything had happened until he was so informed by the passenger.

The substance of the testimony offered by plaintiffs in support of their case was that after plaintiff placed the dashboard in the rear of his car he stood for a moment in the highway on the left side of his car, facing north, putting some money in his wallet; and that while standing in that position he was struck by the bus.

At the opening of defendants' case the pertinent provisions of the local ordinance prohibiting double parking were read to the jury without objection and afterwards those provisions were given to the jury in the form of an instruction, the concluding portion thereof being that if the jury found that plaintiff violated such provisions of the ordinance and that such violation was a proximate cause of the accident, then he was not entitled to any damages. Plaintiff's first contention is that those portions of the local ordinance prohibiting double parking were invalid for the reason that the state vehicle law also contained like provisions prohibiting

double parking (Veh. Code, §§ 586, 588) and that therefore the giving of an instruction based on the local ordinance was error, citing *Pipoly* v. *Benson,* 20 Cal.2d 366 [125 P.2d 482, 147 A.L.R. 515], decided in May, 1942. That was a case involving pedestrian traffic regulations at crosswalks wherein the trial court gave two instructions, one based on the state law and the other on a local ordinance. On appeal it was held that in view of the declaration of intention set forth in section 458 of the Vehicle Code it was necessary to hold that the regulation of pedestrian traffic at crosswalks was a field intended to be occupied fully by the state Legislature and that therefore the provisions of the local ordinance were invalid. The court then went on to point out that the provisions of the two laws were conflicting, and it was held therefore that the giving of the instruction based on the provisions of the local ordinance constituted prejudicial error. The present case, however, is essentially different from the Pipoly case. Here plaintiffs admit that the provisions of the ordinance and those of the state law were substantially the same. Both prohibit double parking, and admittedly plaintiff's car was double parked, which constituted negligence *per se* under either law. Even conceding, therefore, that the trial court should have based its instruction on the state Vehicle Code instead of the local ordinance, it is manifest that the failure so to do did not constitute prejudicial error. The situation in the present case is in principle no different from the one presented in *Bencich* v. *Market Street Ry. Co.,* 29 Cal.App. 2d 641 [85 P.2d 556], wherein the court read to the jury a section of the Vehicle Code not in force at the time of the accident, but which was substantially the same as the one that was in force at the time of the accident; and it was held that no prejudicial error resulted. In the cases cited by plaintiffs, wherein it was held that it was reversible error to give the jury an instruction based on an ordinance which was invalid, the ordinances were not substantially the same as the provisions of the Vehicle Code on the same subject matter, but embodied additional or different regulations; therefore those cases are not controlling here.

Incidentally it should be here noted that in 1943 the Legislature added section 459.1 to the Vehicle Code declaring that the provisions of the code regulating pedestrian traffic ''shall not be deemed to prevent local authorities, by ordinance, from

adopting ordinances prohibiting pedestrians from crossing roadways at other than crosswalks.''

Plaintiffs make the further contention that there was no evidence to support the inference that the position of plaintiff's double-parked car contributed in any way to the happening of the accident, and that therefore it was prejudicial error to give any instruction on double parking. There is no merit in the contention. As already pointed out, plaintiff's car was double parked in violation of law, and such violation constituted negligence *per se*. Therefore the question of whether such negligence was a proximate cause of the accident was essentially one of fact to be submitted to the determination of the jury under proper instructions. Moreover, the evidence supporting the verdict shows that after the car had been double parked in violation of law plaintiff heedlessly stepped back out of the left door thereof into the highway and against the side of the passing bus. It is evident, therefore, that the double parking of the car was but one of a series of acts which culminated in his injury; and that being so, no one of those acts may be isolated from the others in determining the question of proximate cause. (*Harrison* v. *Gramatero*, 52 Cal.App.2d 178 [125 P.2d 904].)

The next instruction complained of was one given on the doctrine of imminent peril. It reads: ''I instruct you that a person who, without negligence on his part is faced with a sudden peril or danger where immediate action is necessary, is not required to exercise that presence of mind and care which is justly expected of a person under ordinary circumstances. Accordingly, in this case, *if you find* that the defendant, M. Max Bedel, at and immediately before this accident was confronted with a sudden peril or danger requiring immediate action, in that case he is not required to exercise all of that presence of mind and care which would be required of him under ordinary circumstances, but on the contrary he is required only to use that degree of care which the ordinarily prudent person would use under the same circumstances of sudden peril.'' (Italics ours.)

Plaintiffs do not claim that the instruction does not contain a correct statement of law, but they argue that there was no evidence to justify the giving of such an instruction, because the bus driver stated that he did not see plaintiff prior to the accident. There is no merit in the point. Ac-

cording to the testimony of the driver, as it is set forth in respondents' brief, he was confronted with a number of double-parked cars as he approached the scene of the accident. They were of all types and sizes, and some were parked at angles. Furthermore, there were people standing on both sides of the highway and in order to "get by" the double-parked Corbin car it was necessary to swerve the bus sharply to the left. In that state of the evidence it cannot be said that the giving of the instruction on imminent peril was not justified. Moreover, as will be noted, the jury was instructed that *if it found* that the bus driver was confronted with a sudden peril or danger requiring action, he was required to use only that degree of care which the ordinarily prudent person would use under the same circumstances. In other words, the jury was told in effect that the instruction was to be disregarded unless it found a condition of imminent danger arising without negligence on the part of the bus driver. Since, therefore, the instruction was given in that qualified form, no error was committed. (*Hawkinson* v. *Scholz,* 13 Cal.App.2d 687 [57 P.2d 945]; *White* v. *Barker Bros.,* 12 Cal.App.2d 164 [55 P.2d 248].)

One of the proposed instructions on contributory negligence which the trial court refused to give was the following: "You are instructed that plaintiff, Joseph J. Corbin, Jr., is not to be charged with contributory negligence merely because he stepped back from his automobile, if you should find such to be the fact. I instruct you that the standard of care required of plaintiff, Joseph J. Corbin, Jr., is ordinary care as defined by these instructions, and, in the exercise of ordinary care he had the right to assume that operators of motor vehicles would exercise ordinary care in the operation of their vehicles at the time and place in question."

It is obvious that the first sentence of the instruction did not declare a correct principle of law because the question of whether a person may be charged with negligence merely because he stepped back from his car would depend on whether in so doing he was exercising ordinary care. In other words, whether the mere stepping back from an automobile would constitute negligence would necessarily depend on surrounding circumstances, among them being the location of the automobile, and whether the person stepped back on a street or highway over and along which there was fast moving traf-

fic. Here the admitted facts are that at the time of the accident plaintiff's car was double parked within 11 feet of the center of a well traveled highway, and the impact occurred while plaintiff was on the left side of his car nearest the center of the highway, and in the pathway of northbound traffic. Therefore, in view of those admitted facts the instruction in the form submitted was properly refused. The second sentence of the proposed instruction was fully covered by other instructions which the court gave, one of them being in language almost identical with the one in question.

■ The next instruction plaintiffs contend should have been given was to the effect that if the jury found that plaintiff was standing in a place of safety and in a position where he could be seen by operators of vehicles exercising ordinary care and he failed to look for approaching vehicles, he was not guilty of contributory negligence as a matter of law; that under such circumstances plaintiff "had the right to assume that operators of motor vehicles would exercise ordinary care in the operation of their vehicles and, in the exercise of such ordinary care, would see him and so operate their vehicles as to avoid striking him." And the third instruction refused was to the effect that if the jury found that plaintiff was standing in the street, in a place of safety and in a position where he could be seen by anyone exercising ordinary care, and there was ample space to permit vehicles to pass without striking him, he was under no duty to keep a constant lookout for the approach of automobiles, "but had the right to assume" that the operators of vehicles would exercise ordinary care and would see him and would so operate their vehicles as to avoid striking him.

Each of the foregoing instructions omitted the important element that "it is only a person who is free from negligence who may rely on the presumption that another will not violate the law." (*Fietz* v. *Hubbard,* 59 Cal.App.2d 124 [138 P.2d 315]; see, also, *Doyle* v. *Loyd,* 45 Cal.App.2d 493 [114 P.2d 398]; *Crabbe* v. *Rhoades,* 101 Cal.App. 503 [282 P. 10]; *Poe* v. *Lawrence,* 60 Cal.App.2d 125 [140 P.2d 136].) As said by the court in the case last cited, "One may not close his eyes to threatening danger and blindly rely upon the assumption that the other party will use reasonable care and prudence and obey the traffic laws. Only when there is nothing in the situation to warn him of impending danger is

he not guilty of negligence in relying upon such assumption. (*Simonsen* v. *L. J. Christopher Co.*, 186 Cal. 786, 788 [200 P. 615] ; *Edlund* v. *Los Angeles Ry. Co.*, 14 Cal.App.2d 673, 675 [58 P.2d 928] ).'' It would seem, therefore, that because of such omission the trial court was warranted in refusing to give the proposed instructions. ■ However, in no event can it be said that such refusal operated to plaintiffs' prejudice for the reason that the court did give an instruction fully covering the subject matter of those refused. It was as follows: "I instruct you that a person lawfully and carefully using a street has the right to assume that all other persons using the street will also use ordinary care and caution. This rule allows persons so using the street to assume, until the contrary reasonably appears, that the drivers of motor vehicles will obey and abide by the traffic laws and regulations.'' The situation here presented is essentially different from those involved in the cases cited by plaintiffs wherein pedestrians were injured while walking along the highway, in places where they had a right to be. For that reason we do not deem those cases in point.

After having given full consideration to all of the points urged by plaintiffs with respect to the instructions given and refused, it is our conclusion that no ground for reversal has been shown, and that the verdict of the jury has not resulted in a miscarriage of justice.

The judgment is therefore affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 28, 1945. Carter, J., and Schauer, J., voted for a hearing.