[Civ. No. 14907. First Dist., Div. Two. Apr. 30, 1952.]

CARL W. CARLSON et al., Plaintiffs; RAY BREND-LINGER, Appellant, v. CLAIR LLOYD SHEWAL-TER, Respondent.

Harrett W. Mannina and Charles R. Wayland for Appellant.

Bohnett, Hill, Cottrell & Bohnett, Rankin, Oneal, Luckhardt, Center & Hall and Marshall S. Hall for Respondent.

DOOLING, J.—Appeal by one plaintiff, Ray Brendlinger, from a judgment against two joint plaintiffs and in favor of a single defendant.

This is a personal injury action arising out of the collision between two automobiles in San Jose in 1948. The accident happened on Santa Clara Street just directly east of the subway that runs underneath the Southern Pacific railroad tracks. At this point Santa Clara Street runs approximately east and west. It is a four lane highway. Just a few feet beyond the end of the east side of the subway Cahill Street runs into Santa Clara Street on its south side, but does not cross it. Opposite this entrance to Cahill Street on the north side of Santa Clara is a private driveway which serves as the entrance to two business establishments from Santa Clara Street. Appellant's coplaintiff, Carlson, was on his way to work on the day of the accident and was proceeding in an easterly direction along Santa Clara. He worked at one of the two establishments served by the said driveway. As he came through the subway and reached its easternmost peak or level he made a left-hand turn into the driveway mentioned. There is substantial evidence that Carlson put out his hand signaling such a turn and stopped with his front wheels just over the middle, double lane of Santa Clara Street, let at least two cars pass in front of him and then went through at about 15 miles per hour. Defendant was traveling on Santa Clara in a westerly direction and was in the most outside or northernmost lane of that street. He was seen by Carlson almost a block east of his, Carlson's position, but was looking down Cahill Street when Carlson last looked at him. He was going about 25 miles per hour. As Carlson's car got almost into the driveway defendant hit Carlson's right rear with his left front. Defendant was

only 15 to 25 feet away from Carlson's automobile when he first saw it. As a result of this collision both cars were forcibly moved from their respective positions, and Carlson's car struck and injured the appellant who was standing on the east edge of the driveway. She had been on her way to work and just as she reached the driveway that intersected the sidewalk on the north side of Santa Clara she noticed plaintiff Carlson about to make his left turn. She remained standing from that time until the impact. Plaintiff Carlson testified that defendant said to him immediately after the accident: "There is nothing to argue about, I am all wrong. I wasn't looking." Defendant denied this.

The court properly instructed the jury that there was no evidence from which the jury could find that appellant Brendlinger was guilty of contributory negligence. Hence the verdict must rest upon the jury's finding that respondent was not guilty of any negligence which was a proximate cause of appellant's injuries.

Appellant argues that the evidence shows that respondent was guilty of actionable negligence as a matter of law. We cannot so hold. While the evidence as a whole perhaps preponderates in favor of appellant on this issue the jury might (for example) find from respondent's testimony that Carlson suddenly made his left turn when respondent's automobile was very close to him. Such a finding would be sufficient to support the conclusion that respondent was not guilty of negligence.

Appellant points to *Linberg* v. *Stanto*, 211 Cal. 771 [297 P. 9, 75 A.L.R. 555] and like cases holding that evidence that an automobile left the street and struck a pedestrian on the sidewalk establishes a prima facie case of negligence. No case is cited that this prima facie case extends to a second automobile which does not leave the street, but in any event if the jury found respondent free from negligence as we have held that it might under the evidence any prima facie case to the contrary would be rebutted.

Defendant introduced a city ordinance which made it unlawful for a driver to execute a left turn into any private driveway in a business district. There is a sign at this location facing the westbound traffic directing that no left turns be made across the eastbound traffic but there is no such sign facing eastbound traffic. A police officer testified that he did not know that it was unlawful to make a left turn into this driveway.

The court instructed the jury that the section of the highway where the accident occurred was in a business district and gave the following instruction:

"I instruct you . . . said Ordinance No. 3141 of the City of San Jose prohibited any person from making a left hand turn from or into any driveway within the business district. A violation of such Ordinance constitutes negligence. I instruct you if you find Carlson made such a left turn in the business district . . . he was guilty of negligence as a matter of law. . . ."

Appellant complains that this instruction omitted the necessary qualification "unless such violation is shown by the evidence to have been excusable or justifiable." While the instruction should be so qualified if there is any evidence of legal excuse or justification for the violation (*Satterlee* v. *Orange Glenn Sch. Dist.*, 29 Cal.2d 581 [177 P.2d 279] ; *Combs* v. *Los Angeles Ry. Corp.*, 29 Cal.2d 606 [177 P.2d 293]) there is no showing of such excuse or justification in the evidence in this case. Appellant points to the fact that a police officer testified that he did not know a left-hand turn at this point was illegal and to the fact that while there was a "No Left Turn" sign facing westbound traffic at this point there was none facing eastbound traffic. Although a witness, Carlson did not testify that he was misled by the presence of the one sign or the absence of the other, nor whether or not he knew of the ordinance in question. The ordinance required no signposting to make it effective and, conceding without deciding, that if Carlson had been actually misled by the presence of the one sign and the absence of the other that would have been a legal excuse or justification for his violation of the ordinance no such showing was made. Mere ignorance of the law is no excuse and even that was not shown as to Carlson but only as to a police officer witness. "(T)he fact which will excuse the violation of a statute has been defined by the court as one resulting 'from causes or things beyond the control of the person charged with the violation.' " (*Ornales* v. *Wigger*, 35 Cal.2d 474, 479 [218 P.2d 531].)

The court further instructed the jury: "One lawfully using a public highway is entitled to rely on the presumption that others will not violate the law, and no negligence can be predicated on the failure to anticipate an unlawful movement in another on the highway."

The instruction should have included the qualification "One

may not continue to assume that the law is being observed after knowing or having an opportunity, by the use of reasonable care, to know that it is not being observed." (*Angier* v. *Bruck,* 56 Cal.App.2d 55, 58 [131 P.2d 876]; *Roller* v. *Daleys, Inc.,* 219 Cal. 542, 544-548 [28 P.2d 345]; *Corbin* v. *Bedel,* 69 Cal.App.2d 60, 67 [158 P.2d 221]; *Poe* v. *Lawrence,* 60 Cal.App.2d 125, 132 [140 P.2d 136]; *Passarelli* v. *Souza,* 37 Cal.App.2d 1, 4 [98 P.2d 809]; *Angelo* v. *Esau,* 34 Cal. App.2d 130, 137-138 [93 P.2d 205]; *Edlund* v. *Los Angeles Ry. Co.,* 14 Cal.App.2d 673, 675 [58 P.2d 928].)

The failure to so qualify this instruction was under the facts of this case prejudicial error. The jury had been instructed that in making the left hand turn Carlson had violated the law. They were then instructed without qualification that negligence of the respondent could not be predicated on his failure to anticipate that Carlson would make an unlawful movement on the highway. The jury could have found on ample evidence that Carlson was stopped with the front of his car turned across the center line of the highway and started across it slowly when respondent's car was almost one block away, and that from that time until respondent was only 25 feet from Carlson's car he did not once look in the direction in which he was driving or see Carlson's car although it was at all times in plain view crossing his path. If the jury had been specifically instructed that respondent could not continue to rely on Carlson's obedience of the law after having the opportunity by the use of reasonable care to discover its violation we cannot say that their verdict would not have been for appellant under the evidence.

Respondent points to a general instruction that each driver must exercise ordinary care to look about him, "to see what can be seen, look for what is to be seen, observe what can be observed" as curing the omission in the other instruction. This was a general instruction not pointed to, and we cannot say that the jury would understand it as a qualification of, the defective instruction. At best the two instructions were confusing and contradictory. █ "Instructions that are contradictory in essential elements may warrant the reversal of a judgment on the ground that it cannot be ascertained which instruction was followed by the jury." (*Sebrell* v. *Los Angeles Ry. Corp.,* 31 Cal.2d 813, 817 [192 P.2d 898].)

█ We may add that it was also error for the trial court to instruct the jury that the standard of ordinary care was

what the jurors themselves would have done if they had been in the position of the respective drivers. (*Freeman* v. *Adams,* 63 Cal.App. 225 [218 P. 600]; *Warrington* v. *New York Power & Light Corp.,* 252 App.Div. 364 [300 N.Y.S. 154]; *Mayor & Council of Americus* v. *Johnson,* 2 Ga.App. 378 [58 S.E. 518]; *Louisville & N. R. Co.* v. *Gower,* 85 Tenn. 465 [3 S.W. 824].)

Judgment reversed.

Nourse, P. J., and Goodell, J., concurred.