[Civ. No. 4299.   Fourth Dist.   June 16, 1953.]

ALICE G. LARSON et al., Plaintiffs and Appellants, v. HESPER MAE HOLLAND et al., Respondents; FRED SHARP et al., Defendants and Appellants.

FRED SHARP et al., Appellants, v. JOY M. HAWORTH et al., Respondents.

Miller, Higgs, Fletcher & Mack and Harry P. Bowman for Plaintiffs and Appellants.

Luce, Forward, Kunzel & Scripps for Defendants and Appellants.

Gray, Cary, Ames & Frye for Respondents.

BARNARD, P. J.—These are appeals from the judgments in two actions arising out of the same accident, which were consolidated for trial.

Three automobiles were involved in the accident. One was owned by Mrs. Larson and driven by Mrs. Haworth. Both were injured. Another was owned by Merkley-Austin Mortuary, Inc. and driven by Mr. Sharp, who was also injured. It was stipulated that Sharp was an employee of the corporation and acting as such at the time. The third car was owned by Mr. Hughes and operated by Miss Holland, who was alone in the car at the time and was not injured. For convenience, these cars will be referred to as the Haworth car, the Sharp car and the Holland car.

The accident happened about noon on January 29, 1951, at the intersection of Laurel Street and Balboa Drive, in Balboa Park. Laurel Street runs east and west, and Balboa Drive north and south. This intersection is unusual in that while the two streets are much narrower, the intersection itself is a square about 100 feet wide in each direction.

It was raining hard at the time of the accident. The Sharp car was proceeding north on Balboa Drive, the Haworth car was proceeding west on Laurel, and the Holland car was proceeding east on Laurel. As the Sharp car was proceeding through the intersection it was struck on the left rear fender by the front of the Holland car. The impact swerved the rear of the Sharp car toward the east, and the right rear corner of the Sharp car came into contact with the front of the Haworth car. The Sharp car came to rest at the northwest corner of the intersection and the other cars remained near the point of impact.

There were no disinterested eyewitnesses to the collision. Mr. Sharp testified that prior to the accident he had been traveling about 20 miles an hour but that he had no recollection of anything after he reached a point several hundred feet south of the intersection. Miss Holland testified that she was traveling from 15 to 20 miles per hour; that she did not see the Sharp car until her car had entered the square; that the Sharp car was then in front of her, between 10 and 15 feet away; that she was unable to estimate the speed of the Sharp car, but it was going faster than her car; that she applied her brakes; and that the front of her car collided with the left rear of the Sharp car. Mrs. Haworth testified that she first saw the Sharp car when she was three or four car lengths

from the square; that she was then traveling from 15 to 20 miles an hour; that the Sharp car was approximately twice as far from the square as her car was; that the Sharp car was traveling between 30 and 40 miles per hour; that she started slowing down when she first saw the Sharp car; that she then looked to the right and then straight ahead; that she brought her car to a stop before it reached what would be the line of travel of the Sharp car; and that when the Holland car struck the rear of the Sharp car the Sharp car turned counterclockwise, and the right rear of the Sharp car struck the left front of her car. Mrs. Haworth's testimony was corroborated in most respects by that of Mrs. Larson.

The first action was brought by Mrs. Larson and Mrs. Haworth against all the other parties as defendants. The other action was brought by Sharp and Merkley-Austin Mortuary, Inc. against the owners and drivers of the other two cars. In the first action, the jury brought in a verdict in favor of the plaintiffs Larson and Haworth, and against the defendants Sharp and Merkley-Austin Mortuary, Inc., and in favor of the defendants Holland and Hughes. In the second action the verdict was against the plaintiffs Sharp and Merkley-Austin Mortuary, Inc. and in favor of all defendants. In reply to special questions submitted to the jury, by stipulation of the parties, the jury also found that neither Mrs. Haworth nor Miss Holland was guilty of any negligence that proximately contributed to these collisions or either of them, and that Mr. Sharp was guilty of such negligence. Judgments were entered accordingly, from which two appeals were taken. The main appeal, which will first be considered, is that taken by Sharp and Merkley-Austin Mortuary, Inc. from the judgments in the two actions.

The sole contention of these appellants is that the court erred in giving and repeating one instruction, which reads: "It is not negligence for the driver of a motor vehicle to fail to anticipate an accident which can be occasioned only by a violation of law or duty by another." It is argued that this instruction told the jury in effect that "irrespective of the negligence of appellant's adversaries and irrespective of whether they were using due care and caution for their own protection and welfare, they nevertheless had a right to assume that they were not exposed to danger even though they knew or should have known they were in a perilous position." They rely on *White* v. *Davis*, 103 Cal.App. 531 [284 P. 1086]; *Roller* v. *Daleys, Inc.*, 219 Cal. 542 [28 P.2d 345]; and *Angier* v.

*Bruck,* 56 Cal.App.2d 55 [131 P.2d 876], in which it was held that under the circumstances there appearing an instruction, to the effect that a driver has a right to presume that another driver will perform his duty and obey the law, was prejudicially erroneous in that it omitted the elements that a party is not entitled to such a presumption unless he himself was not negligent, and that he has no right to assume that he was not exposed to danger if he knew he was in a perilous position and by the exercise of care on his own part could avoid it. It is argued that this instruction omitted these elements and could not have been other than prejudicial, since Mrs. Haworth admitted that she continued to travel at a substantial speed after she had seen the appellant's car and had thus been put on notice of impending danger; and that this prejudice was emphasized and increased when the instruction was later reread to the jury. In connection with the facts, it may be observed that the evidence shows without conflict that the Haworth car had slowed down before the impact, and we are unable to find in the record any substantial evidence to conflict with the testimony of two witnesses that the Haworth car was stopped before the Sharp car came into contact with it.

In its original instructions, after defining negligence, contributory negligence and proximate cause at considerable length, the court gave the instruction here complained of. This was immediately followed by the following instruction:

"It is the duty of the driver of any vehicle, using a public street or highway in this state, to exercise ordinary care to avoid placing himself or others in positions of danger, to use like care to avoid an accident from which injury might result, to be vigilant at all times, keeping a lookout for traffic and other conditions to be reasonably anticipated, and to keep his vehicle under such control that to avoid a collision with any person or with any other object, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in like position."

The court then gave the usual instruction that a person who, without negligence on his part, is suddenly and unexpectedly confronted with a perilous condition is required to exercise only the care that an ordinarily prudent person would exercise in the same situation. After the jury had been out some seven hours, it returned and asked for further instruction on negligence. The foreman told the court that the jury could not agree on "what constitutes negligence." The court asked if

a reading of the definition of negligence was what the jury desired and was told that it was. The court then reread his instruction defining negligence. The foreman then stated that one juror wanted to ask a question. That juror then asked "Did Your Honor ever read that the law had required in any way that a driver anticipate a dangerous situation?" The court then reread the instruction here complained of, and asked "Is that the one?" Nothing further was said, and the jury then retired and brought in a verdict some 40 minutes later.

While it has been held that an instruction that a party had a right to presume that the driver of another car would obey the law should be qualified by telling the jury that this presumption applies when the first party is himself free from negligence, and also that it is not applicable if the first party, realizing that the other party was not going to obey the law, had an opportunity to avoid the accident, it has frequently been held that a failure to include these elements in the instruction was not prejudicial where the facts and circumstances were such that the omission of these required elements could not reasonably be expected to have affected the result. (*Passarelli* v. *Souza,* 37 Cal.App.2d 1 [98 P.2d 809] ; *Forrest* v. *Pickwick Stages System,* 101 Cal.App. 426 [281 P. 723] ; *Hoy* v. *Tornich,* 199 Cal. 545 [250 P. 565] ; *Yack* v. *Tiffin,* 69 Cal.App.2d 226 [158 P.2d 620].) It is also well settled that the instructions should be considered as a whole in determining whether an alleged error in one portion is sufficient to require a reversal. (*O'Connor* v. *City & County of San Francisco,* 92 Cal.App.2d 626 [207 P.2d 638] ; *Perbost* v. *San Marino Hall-School,* 88 Cal.App.2d 796 [199 P.2d 701] ; *Shuey* v. *Asbury,* 5 Cal.2d 712 [55 P.2d 1160].)

The instruction here in question did not tell the jury that anybody had a right to assume anything. It simply stated that the failure to foresee a certain danger was not in itself negligence, and described that danger as one which could be occasioned only by the violation of law or duty by another. The language used can fairly be said to be equivalent to the elements which the appellants contend were omitted, since the accident would not be occasioned solely by the negligence of another if the driver referred to in the instruction was himself guilty of negligence in the first place, or failed to exercise ordinary care after the danger became apparent. (*Ohran* v. *County of Yolo,* 40 Cal.App.2d 298 [104 P.2d 700].)

The instruction complained of referred to any of the drivers involved in the accident and was not limited to the driver of the Haworth car. The giving of this instruction originally was preceded by full definitions of negligence, contributory negligence and proximate cause, and was immediately followed by an instruction stating that it was the duty of the driver of any vehicle to exercise ordinary care to avoid placing himself or others in positions of danger, to use like care to avoid an accident from which injury might result, and to keep his vehicle under such control that he could stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent driver in like position. When the jury returned for further instructions the court gave those which were specifically asked for, and no request was made that any other instructions be also read.

The evidence shows without conflict that Sharp, traveling fast in a heavy rain, dashed across a main street in a city park between two cars which were traveling in opposite directions on that street, when he was unable to avoid a collision with the first of these cars and when a collision with the other was almost inevitable. The evidence also shows, without conflict, that the driver of the Holland car was driving slowly near the middle of a main street; that her view to the south was obstructed by bushes until she entered the square; and that the appellant's car came suddenly into the square at a high rate of speed for that place and under existing conditions. It further shows that the driver of the Haworth car, having observed the appellant's car, either stopped or slowed down to an extent that no accident would have resulted to it except for the collision between the other two cars. From the evidence and the verdict it seems inconceivable that the jury did not fully understand that it was to consider and pass upon whether or not each of the drivers in question had used proper care at any and all times material here, or that it could have been misled into improperly relying on any presumption. It cannot be held, under the circumstances here appearing, that the giving and repeating of the instruction complained of was sufficiently prejudicial to justify a reversal.

The plaintiffs Mrs. Larson and Mrs. Haworth have also appealed from the judgment against them as to the defendants Miss Holland and Mr. Hughes. They state that this appeal was taken solely for the purpose of having the entire matter again tried in the event the judgments in their favor should

be reversed. No argument is made and no ground appears, in connection with this appeal, which would justify a reversal in that connection.

The judgments appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.

Defendants and appellants' petition for a hearing by the Supreme Court was denied August 13, 1953.