[Civ. No. 33115. First Dist., Div. One. July 22, 1974.]

ANNA ELIZABETH McQUILLAN et al.,
Plaintiffs and Respondents, v.
SOUTHERN PACIFIC COMPANY,
Defendant and Appellant;
PUBLIC EMPLOYEES' RETIREMENT SYSTEM,
Intervener and Appellant.

COUNSEL

John J. Corrigan and Douglas E. Stephenson for Defendant and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and Asher Rubin, Deputy Attorney General, for Intervener and Appellant.

No appearance for Plaintiffs and Respondents.

OPINION

MOLINARI, P. J.—Richard McQuillan, an employee of the Division of Highways of the State of California, was killed while in the course of his employment when he was struck by a Southern Pacific Company train. His widow and minor children (hereinafter "the survivors") sued the Southern Pacific Company (hereinafter "Southern Pacific") for damages for wrongful death and recovered a judgment in the sum of $260,000. By special verdict the jury found that McQuillan's employer, the State of California Department of Public Works (hereinafter "the State") was negligent and that such negligence was a proximate cause of his death. McQuillan, at the time of his death, was a member of the Public Employees' Retirement System (hereinafter "the System") which, by reason of his death, became liable for a basic death benefit pursuant to Government Code section 21361 and survivor allowance pursuant to Government Code section 21382.[1] The System claimed that it was entitled to reimbursement of the sum of $18,101.48 out of the benefits paid to the survivors by means of subrogation against the judgment recovered by them in the wrongful death action and, accordingly, filed a notice of lien in said action. The trial court determined that the System was not entitled to a lien and also ruled that Southern Pacific was not entitled to have deducted from the judg-

---

[1] Unless otherwise indicated all statutory references are to the Government Code.

ment against it the said sum of $18,101.48.[2] The System and Southern Pacific have appealed from these orders.[3]

Southern Pacific urges that the doctrine articulated in *Witt* v. *Jackson, supra,* 57 Cal.2d 57, applies by analogy to the instant case. In *Witt* it was held that a third party tortfeasor may invoke the concurrent negligence of the employer to defeat the latter's right to reimbursement for workmen's compensation benefits paid to an employee proximately injured as a result of the negligence of such third party and that since the injured employee may not be allowed double recovery his damages, in such a case, must be reduced by the amount of workmen's compensation received. (At pp. 72-73.) The decision in *Witt* is predicated on the policy of the law that "No one can take advantage of his own wrong" (Civ. Code, § 3517), which prevails in the absence of express terms in the Labor Code to the contrary. (*Witt* v. *Jackson, supra,* at p. 72.)

■ We need not extend the *Witt* principle to the instant case for here we have a specific statute which is indicative of the legislative intent and which by its terms contemplates that a negligent employer may not take advantage of the reimbursement remedies provided for in the Government Code. (See *Martin* v. *Board of Administration,* 276 Cal.App.2d 795, 799 [81 Cal.Rptr. 432].) Section 21451 provides as follows: "If benefits are payable under this part because of an injury to or the death of a member and such injury or death is the proximate consequence of the act of a person other than his employer (the state or the employing contracting agency), the board may on behalf of this system recover from such person an amount which is the lesser of the following: (1) An amount which is equal to one-half of the actuarial equivalent of the benefits for which this system is liable because of such injury or death; or (2) An amount which is equal to one-half of the remaining balance of the amount recovered after allowance of that amount which the employer or its insurance carrier have paid or become obligated to pay."

■ "In construing a statute our concern is to ascertain and to give effect to the legislative intent. [Citations.] In ascertaining the intent articu-

---

[2] The State Compensation Insurance Fund, the workmen's compensation carrier for the State, filed a claim of lien for $13,540 for workmen's compensation benefits paid to McQuillan's survivors. This claim was also denied on the basis that the negligence of the State precluded recovery under *Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641].

[3] The plaintiffs in the wrongful death action who are parties to this appeal have not filed any briefs. Pursuant to notification under rule 17(b) of the California Rules of Court we may accept as true the statement of facts in the opening briefs filed by the System and Southern Pacific.

lated in a statute, the court should first turn to the words of the statute to determine the will of the Legislature [citations] and give effect to the statute according to the usual, ordinary import of the language employed in framing it. [Citations.]" (*Noroian* v. *Department of Administration,* 11 Cal.App.3d 651, 654-655 [89 Cal.Rptr. 889]; *Kimball* v. *County of Santa Clara,* 24 Cal.App.3d 780, 784 [101 Cal.Rptr. 353].) ■ In addition, we take cognizance of the principle that in interpreting a statute where all the facts are agreed upon the court has before it a question of law only. (*Pac. Pipeline Const. Co.* v. *State Bd. Equal.,* 49 Cal.2d 729, 736 [321 P.2d 729]; *Jones-Hamilton Co.* v. *Franchise Tax Bd.,* 268 Cal.App.2d 343, 347 [73 Cal.Rptr. 896].)

■ Analyzing the subject statute pursuant to the foregoing principles we interpret it to mean that if the injury or death of a member of the System is the proximate consequence of the act of the member's employer the System may not recover the benefits provided for in section 21451 from a third party whose act may also be the proximate cause of the member's injury or death.

In the present case the jury found that the separate and distinct acts of Southern Pacific and the State contributed to cause McQuillan's death and that the act of each was and both were the proximate cause of McQuillan's death. (See *Thomsen* v. *Rexall Drug & Chemical Co.,* 235 Cal.App.2d 775, 783 [45 Cal.Rptr. 642]; *Modica* v. *Crist,* 129 Cal.App. 2d 144, 147 [276 P.2d 614].) Accordingly, since the act of the State was the proximate cause of McQuillan's death it was precluded under section 21451 from recovering from Southern Pacific the benefits paid to the survivors. By its very language section 21451 takes cognizance of the maxim declared in Civil Code section 3517 that "No one can take advantage of his own wrong" and thus permits the third party tortfeasor to invoke the concurrent negligence of the State/employer to defeat its right of reimbursement.

Southern Pacific's argument that *Witt* should apply because section 21453 states that the System's liens are to be handled in the same manner as workmen's compensation liens is without merit. Section 21453 merely provides that the System may "commence and prosecute actions, file liens, or intervene in court proceedings all in the same manner and to the same extent" provided in the Labor Code and is no more substantive than allowing the System the same procedure as under the workmen's compensation laws provided for in the Labor Code.

■ The question remains whether the trial court was correct in not reducing the judgment against Southern Pacific by $18,101.48, the bene-

fits paid to the survivors by the System. Both Southern Pacific and the System decry a double recovery by the survivors. They rely on the last sentence of the opinion in *Witt* which states: "Since, however, the injured employee may not be allowed a double recovery, his damages must be reduced by the amount of workmen's compensation he received." (57 Cal. 2d at p. 73.)

As already pointed out, *Witt* deals with workmen's compensation benefits and its rationale is not necessarily applicable to the benefits here involved. In any event, the "decision in *Witt* v. *Jackson* . . . was . . . [not] a sweeping interdict against double recovery of all kinds." (*De Cruz* v. *Reid,* 69 Cal.2d 217, 225 [70 Cal.Rptr. 550, 444 P.2d 342].) The double recovery language in *Witt* "is nothing more than a reference to the usual rule of law existing *in negligence actions generally* [italics added], that a partial satisfaction of the liability by a *joint or concurrent tortfeasor* will result in a *pro tanto* reduction of the liability of the other tortfeasors. [Citations.]" (*De Cruz* v. *Reid, supra,* at pp. 225-226.)

However, while in a tort action it is proper to prove in elimination of a portion of the damages claimed by the plaintiff the amount received from a joint tortfeasor, the amount of damages recoverable by reason of the tort of another is not reduced by the amount of compensation received by the plaintiff from purely collateral sources. (*Helfend* v. *Southern Cal. Rapid Transit Dist.,* 2 Cal.3d 1, 6 [84 Cal.Rptr. 173, 465 P.2d 61]; *De Cruz* v. *Reid, supra,* 69 Cal.2d 217, 223-227; *Turner* v. *Mannon,* 236 Cal.App.2d 134, 139 [45 Cal.Rptr. 831].) The "collateral source rule" applies where the injured party receives some compensation for his injuries from a source wholly independent from the tortfeasor. (*Helfend* v. *Southern Cal. Rapid Transit Dist., supra.*) Such compensation is not deducted from the damages which the plaintiff would otherwise collect from the tortfeasor. (*Helfend* v. *Southern Cal. Rapid Transit Dist., supra;* *Peri* v. *L. A. Junction Ry.,* 22 Cal.2d 111, 131 [137 P.2d 441].) This rule applies to governmental entities as well as to all other tortfeasors. (*Helfend* v. *Southern Cal. Rapid Transit Dist., supra,* at p. 14.)

In the present case we must consider the State's relationship to McQuillan. The State was his employer, the provider and operator of a retirement system consisting of retirement compensation and death benefits payable to him as an employee of the State (see Gov. Code, pt. 3, div. 5, § 20000 et seq.) and it was a tortfeasor contributing to his death.

We observe that under the State Employees' Retirement Laws (§ 20000 et seq.) both the members and the employer make contributions to the fund administered by the System. We note, too, that "The right to pension

benefits following the death of the employee is a derivative right, an element of the deceased's compensation earned by the employee by his performance of his duties. [Citations.]" (*Smith* v. *County of Los Angeles*, 276 Cal.App.2d 156, 160 [81 Cal.Rptr. 120]; *Wallace* v. *City of Fresno*, 42 Cal.2d 180, 184-185 [265 P.2d 884]; see *Willens* v. *Commission on Judicial Qualifications*, 10 Cal.3d 451, 458 [110 Cal.Rptr. 713, 516 P.2d 1].) Such pension rights are considered to be "vested" rights. (*Willens* v. *Commission on Judicial Qualifications, supra*; *Pearson* v. *County of Los Angeles*, 49 Cal.2d 523, 543 [319 P.2d 624]; *Allen* v. *City of Long Beach*, 45 Cal.2d 128, 131 [287 P.2d 765]; *Wallace* v. *City of Fresno, supra*, at p. 183.) Moreover, a state retirement system such as that involved in this case constitutes with other provisions the terms of the employee's contract of employment with the state agency by which he is employed. (*Bilyeu* v. *State Employees' Retirement System*, 58 Cal.2d 618, 622 [24 Cal.Rptr. 562, 375 P.2d 442]; *Wallace* v. *City of Fresno, supra*.)

It is clear from the nature of the retirement system that the contributions by the State to the retirement fund were not contributions made by it as a tortfeasor but resulted from a contractual and statutory obligation completely outside the notions of tort liability. Rather, they fall within the ambit of the cases that hold pension and insurance payments to be collateral sources which are not intended to benefit a tortfeasor and which do not reduce his liability. (See *Helfend* v. *Southern Cal. Rapid Transit Dist., supra*, 2 Cal.3d 1, 9-14; *De Cruz* v. *Reid, supra*, 69 Cal.2d 217, 223-227; *Peri* v. *L. A. Junction Ry., supra*, 22 Cal.2d 111, 131; *Thompson* v. *Mattucci*, 223 Cal.App.2d 208, 209-210 [35 Cal.Rptr. 741]; *Dodds* v. *Bucknum*, 214 Cal.App.2d 206, 214 [29 Cal.Rptr. 393]; *Bencich* v. *Market St. Ry. Co.*, 29 Cal.App.2d 641, 647-648 [85 P.2d 556]; *Clark* v. *Burns Hammam Baths*, 71 Cal.App. 571, 575 [236 P. 152].)

Each of the parties shall bear its costs on appeal.

The orders are affirmed.

Sims, J., and Elkington, J., concurred.