[No. A037884. First Dist., Div. Five. Mar. 2, 1988.]

LOU BLITZSTEIN, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Mary C. Michel and Susan K. Meadows, Deputy Attorneys General, for Defendant and Appellant.

Stephen M. Gallenson and Chris P. Andrian for Plaintiff and Respondent.

**OPINION**

**LOW, P.J.**—In this case, we hold that the advisements required by the Implied Consent Law (Veh. Code, §§ 23157, 23157.5) to be given to a

motorist suspected of driving under the influence of alcohol or drugs are neither inherently confusing nor ambiguous, and plaintiff's refusal to chemical testing was not excused.

Plaintiff Lou Blitzstein had his driver's license suspended for six months following an administrative hearing wherein the referee found that he failed to take a blood test for drugs after being requested to do so by the arresting officer. (Veh. Code, § 13353, subds. (a), (b).) He petitioned for a writ of mandate in the superior court, claiming that he was confused and misled by the officer and did not know his driving privileges would be suspended if he refused to take the test. The trial court found in favor of plaintiff and issued the writ. In its statement of decision, the court found that the admonitions required to be given by the Vehicle Code were inherently confusing and contradictory, and that the arresting officer added to the confusion by not determining if plaintiff understood the admonitions. ■ ■ ■ ■ We disagree and reverse.[1]

California Highway Patrolman Robert Jimenez stopped plaintiff's car after observing him swerve in and out of lanes. Officer Jimenez detected a strong odor of alcohol on plaintiff's breath and also noted a strong odor of marijuana about him. The plaintiff had a slow speech pattern and bloodshot, watery eyes. Although plaintiff denied it, a subsequent search of the car revealed a quantity of marijuana. Officer Jimenez administered a field sobriety test, which plaintiff failed. The officer advised plaintiff he was under arrest and read to him the admonitions required by Vehicle Code sections 23157 and 23157.5, in which he was instructed that he must submit to a blood, breath or urine test, or his license would be suspended. He was told that he did not have a right to an attorney before making his decision or during the administration of the test. Plaintiff elected to take a breath test. Following the dictates of Vehicle Code section 23157.5, Officer Jimenez advised plaintiff that no breath sample would be retained, but that plaintiff could provide a blood or urine sample which would be preserved for subsequent analysis. Plaintiff declined. At that point, Officer Jimenez instructed him in his *Miranda* rights (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1620, 10 A.L.R.3d 974]), which plaintiff declined to waive.

---

[1] In its answer to the writ petition, the Department of Motor Vehicles argued that the petition, verified only on information and belief by plaintiff's attorney, is defective. "Although a verification on information and belief is hearsay and cannot be used as the basis for issuance of a writ [citation]," plaintiff has otherwise supplied a sufficient record of the administrative proceedings to enable the trial court to conduct a complete review of the proceedings necessary to grant relief. (*Pacific Gas & Electric Co.* v. *Superior Court* (1983) 145 Cal.App.3d 253, 255, fn. 1 [193 Cal.Rptr. 336]; compare *Star Motor Imports, Inc.* v. *Superior Court* (1979) 88 Cal.App.3d 201, 203 [151 Cal.Rptr. 721].) Under these facts, the trial court acted within its discretion in accepting the petition.

Plaintiff was transported to jail and twice was administered a breath test, each time it read .05 percent. The officer then informed plaintiff that he believed him to be under the combined influence of alcohol and drugs, and, pursuant to Vehicle Code section 23157, subdivision (a)(2)(C), instructed Blitzstein that he would have to submit to either a blood or urine test to determine the drug content of his blood. The officer also informed plaintiff that if he refused to submit to a test or failed to complete a test, his driving privileges would be suspended. If he failed to complete a chosen test, he would have to submit to the remaining test. He was also informed that he did not have the right to talk to an attorney or have an attorney present before deciding to submit to a test or during the administration of the test.

Plaintiff refused to take a blood test and elected to give a urine sample, but after 55 minutes he was unable to provide a usable sample. The officer asked plaintiff if he wanted to go to the hospital to take a blood test, and Blitzstein responded no. As he gave plaintiff the drug admonition, the officer circled each separate advisement, and this document was submitted at the administrative hearing. At no time during the course of these events did plaintiff indicate any confusion from the advisements.

At the hearing, Blitzstein testified that he did not know that if he refused to submit to the blood test he would lose his license. He stated that he believed he only had to complete one of three tests and he chose the breath test. He claims he did not understand that if he was unable to successfully complete the urine test his license would be suspended. The referee concluded that the officer properly instructed plaintiff, and that plaintiff was advised of the consequences should he fail to complete a test or refuse to take the remaining test. Blitzstein successfully challenged the referee's ruling in the superior court.

█ Ordinarily, the question of whether plaintiff's conduct amounted to a refusal, as contemplated by Vehicle Code section 13353, or was the result of officer-induced confusion, is a question of fact. (See *McDonnell* v. *Department of Motor Vehicles* (1975) 45 Cal.App.3d 653, 658 [119 Cal.Rptr. 804]; *Cahall* v. *Department of Motor Vehicles* (1971) 16 Cal.App.3d 491, 495 [94 Cal.Rptr. 182]; *Goodman* v. *Orr* (1971) 19 Cal.App.3d 845, 848-849 [97 Cal.Rptr. 226].) But, here, plaintiff argued that the admonitions required by the statute were misleading and confusing as a matter of law. He makes no claim that the officer's conduct or additional statements caused him to be confused. (See *Joyce* v. *Department of Motor Vehicles* (1979) 90 Cal.App.3d 539, 543 [153 Cal.Rptr. 404]; *Rees* v. *Department of Motor Vehicles* (1970) 8 Cal.App.3d 746, 751 [87 Cal.Rptr. 456].) Since there is no dispute to the

facts and no conflicting inferences can be reasonably drawn therefrom, the issue before us becomes a question of law, and the conclusions of the trial court are not binding upon us. (See generally, *McQuillan* v. *Southern Pacific Co.* (1974) 40 Cal.App.3d 802, 805-806 [115 Cal.Rptr. 418]; *People* v. *Superior Court* (*Logue*) (1973) 35 Cal.App.3d 1, 3 [110 Cal.Rptr. 504].)

■ The statutory advisements as given by Officer Jimenez contain no inconsistencies or ambiguities. The advisements were divided into two parts; the first set dealing with the test for blood-alcohol content only, while the second set of advisements concerned blood or urine testing for drug content only. In each instance, the officer advised plaintiff that he must choose among the available tests, but if he refused to take a test or if he failed to complete a test his driving privileges would be suspended. If he failed to complete a chosen test, he must complete the remaining test.

The language is sufficiently clear. A reasonable licensed driver such as plaintiff should not be misled to believe that once he completed the breath test for alcohol content he satisfied the requirements of the Implied Consent Law as read to him by the officer. None of the advisements concerning his obligation to take a chemical test for drugs could be deemed to have been satisfied by his completion of the breath test for alcohol. Any confusion is not the result of the language required by the statute. (See *Goodman* v. *Orr, supra,* 19 Cal.App.3d at p. 857.)

There is no evidence to support the trial court's finding that plaintiff was confused. He never demonstrated any confusion at the time of the admonitions. In fact, the record reveals the opposite. When he was instructed as to his *Miranda* rights, plaintiff knowingly declined to waive them. Also, he does not claim he refused to take the blood test because he mistakenly believed he had a right to consult his attorney. (See *Cahall* v. *Department of Motor Vehicles, supra,* 16 Cal.App.3d at p. 497; *Goodman* v. *Orr, supra,* 19 Cal.App.3d at p. 857; *Wethern* v. *Orr* (1969) 271 Cal.App.2d 813, 815 [76 Cal.Rptr. 807].) Further, any claim of confusion is belied by plaintiff's agreement to perform a urine test for drug content after the officer gave him the drug admonitions. The officer had no reason to suspect plaintiff was confused by the admonitions, and he was under no duty to volunteer any further explanation.

We conclude that the admonitions required by the statute are not inherently misleading or confusing. Any confusion experienced by plaintiff was not officer induced and plaintiff has not demonstrated any justification for

refusing the blood test. (See *McDonnell* v. *Department of Motor Vehicles, supra,* 45 Cal.App.3d at p. 663.)

The judgment granting the petition for a writ of mandate is reversed.

King, J., and Haning, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 18, 1988.